IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ROMIE W. BROWN                    §

VS.                               §            CIVIL ACTION NO. 6:10cv500
                                               CRIM NO. 6:07cr69
UNITED STATES OF AMERICA          §

ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered motion to vacate, set aside or correct a federal sentence pursuant to 28 U.S.C. § 2255 was heretofore referred to United States Magistrate Judge Judith K. Guthrie. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Movant has filed objections.

Having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Movant's objections are without merit. Specifically, Movant renews his argument that he only recently learned from a new cell mate that some circuits have held that a non-residential burglary is not a "violent felony" for enhancement purposes under the Armed Career Criminal Act. Therefore, he contends, his § 2255 motion should not be dismissed as time-barred because he filed it within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," pursuant to 28 U.S.C. § 2255(f)(4). As the Magistrate Judge pointed out, Movant has not raised any previously-unknown facts of his case, *Acosta-Farias v. United States*, 2010 WL 1222687, at *2 n.2 (N.D. Tex. Feb. 8, 2010), just a new legal theory. Movant objects he could not have discovered this theory before his cell mate moved in and informed him of it; however, he still

1

fails to describe any new facts of his *case*, just an alternative legal theory that he could have discovered through proactive diligence instead of passive happenstance. His objection is overruled.

Movant also renews his equitable tolling argument, citing *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (*per curiam*) for the proposition that equitable tolling may apply when a party is misled by an affirmative but incorrect misrepresentation of the court on which a defendant relies to his detriment. Objections at 5. In *Patterson*, a § 2255 movant sought to dismiss his § 2255 motion without prejudice in order to enlist the assistance of an experienced writ-writer to file a successive motion. *Patterson*, 211 F.3d at 931. That court granted the movant's request and dismissed his motion without prejudice. *Id*. However, neither the court nor the movant was aware of the Fifth Circuit's then-new holding in *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998) (effective last day for filing under the one-year limitation computation), which made any new motion untimely after that movant's first motion was dismissed. *Patterson*, 211 F.3d at 931-32. Such an unanticipated development is not the situation here. Simply put, Movant relied on legal advice given by his counsel regarding the effect of his burglary priors. If that advice was incorrect, a point that Movant has not demonstrated, then his recourse was a claim for ineffective assistance of counsel, which he should have pursued along with a diligent investigation of his case. His equitable tolling objection is therefore overruled.

Finally, Movant requests the Court issue a certificate of appealability ("COA"), without any supporting reason or argument backed by authority. The Magistrate Judge's recommendation to deny a COA is supported by the facts and legal argument and, therefore, is well-taken. Movant's request for a COA will be denied.

It is therefore

**ORDERED** that the motion to vacate, set aside or correct a federal sentence pursuant to 28

2

U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability

is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

   **SIGNED this 22nd day of November, 2010.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE